UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. M-12-370 |
| | § | |
| PORTOCO, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is an *unopposed* motion to remand filed by Jose Flores ("Plaintiff").[1] After considering the motion, record, and relevant authorities, the Court **GRANTS** the motion.

This case arises out of injuries Plaintiff allegedly suffered on the job when a piece of equipment broke and he fell to the ground. Plaintiff sued Defendants in state court and asserted causes of action for negligence and gross negligence. Defendants removed this case asserting that this Court has federal question jurisdiction.[2] Defendants asserted that Plaintiff was making ERISA claims based on his deposition testimony.[3] Plaintiff acknowledged this deposition testimony in his motion to remand.[4]

After removal, the parties filed an agreed stipulation of dismissal in which Plaintiff dismissed with prejudice all claims and causes of action against Defendants arising under ERISA or any federal statutory claim that could arise under ERISA.[5] Plaintiff also filed an unopposed motion for remand as part of the same document.[6]

At this juncture, the only basis for the Court to retain jurisdiction over the negligence claims is supplemental jurisdiction under 28 U.S.C. § 1367. There are several statutory and common law factors courts consider when evaluating whether to exercise supplemental

---

[1] Dkt. No. 6.
[2] Dkt. No. 1.
[3] *Id*.
[4] Dkt. No. 6.
[5] *Id*.
[6] *Id*.

jurisdiction over state law claims; those factors are set forth in *Enochs v. Lampasas County*.[7] Because the motion to remand is *unopposed*, the Court will not give a detailed explanation of its analysis of all those factors. Instead the Court will highlight the primary reasons behind the Court's decision to not exercise supplemental jurisdiction over Plaintiff's state law claims. First, all federal claims have been dismissed; thus, the state law claims necessarily predominate over the federal claims. Second, remanding this case would support judicial economy because the Court has devoted few resources to the consideration of the state law claims and the case progressed significantly in state court prior to removal. Third, remanding the case would be fair because Defendants are unopposed to remand. Ultimately, the Court finds the state law claims should be remanded.

After considering Plaintiff's unopposed motion for remand, the record, and the relevant authorities, the Court **GRANTS** the motion. This case is remanded to the 430th Judicial District Court, Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 27th day of November, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[7] 641 F.3d 155, 158-63 (5th 2011).