UNITED STATES DISTRICT COURT     O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:12-CV-370 |
| | § | |
| PORTOCO, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is the self-styled "RULE 60(b) MOTION FOR RELIEF and to VACATE ORDER OF REMAND and RE-OPEN PROCEEDINGS and (or in the alternative) NOTICE OF REMOVAL"[1] which was filed by the defendants Portoco, Inc. and Anrige, Inc. (collectively, "Defendants"). Also pending, is a response to the motion to vacate/motion to remand filed by Jose Flores ("Plaintiff").[2] After considering the motions, the Court **DENIES** Defendants' motion to vacate and **GRANTS** Plaintiff's motion to remand.

### I. Preliminary Matter

The Court begins by noting that it appears the parties were particularly lazy in their briefing of this matter. Of particular concern to the Court is the parties' failure to rely upon or distinguish *Woods v. Texas Aggregates, L.L.C.*,[3] or *McAteer v. Silverleaf Resorts, Inc.*[4] Even a cursory search of the case law should have revealed these cases. As explained below, the Court finds that these cases control the outcome in this case. Plaintiff's failure to cite these cases is particularly perplexing considering his statement that he hoped the Court would "make a quick

---

[1] Dkt. No. 9.
[2] Dkt. No. 10.
[3] 459 F.3d 600 (5th Cir. 2006).
[4] 514 F.3d 411 (5th Cir. 2008).

1 / 8

ruling." If Plaintiff wants a quick ruling in the future, he should consider filing a brief that does not omit recent controlling authority.

## II.     Background

This case arises out of injuries Plaintiff allegedly suffered on the job when a piece of equipment broke and he fell to the ground. Plaintiff sued Defendants in state court and asserted causes of action for negligence and gross negligence. Defendants removed the case to this Court on October 11, 2012.[5]

Soon after removal, the parties filed an agreed stipulation of dismissal which stated in relevant part: "Plaintiff agrees to dismiss with prejudice all claims and causes of action against [Defendants] arising under the Employee Retirement Income Security Act of 1974, § 29 U.S.C. 1001 et seq. ('ERISA') or any federal statutory claim that could arise under ERISA."[6] As part of the same document, Plaintiff filed an unopposed motion to remand,[7] which the Court granted.[8]

Three months after the Court remanded this case, Defendants filed their motion to vacate/notice of removal.[9] Defendants' filing is based on a single event. Specifically, on February 28, 2013, Plaintiff sent a demand letter to Defendants.[10] According to Defendants, the letter demonstrates that Plaintiff is still pursuing ERISA claims despite his stipulation and assertions to the contrary. Defendants argue that the Court should vacate the remand order, and, alternatively, filed a notice of removal.[11] Plaintiff responded by urging the Court to deny Defendants' motion to vacate and requesting the Court to remand this case.[12]

---

[5] Dkt. No. 1.
[6] Dkt. No. 6 at p. 1.
[7] Dkt. No. 6.
[8] Dkt. No. 7.
[9] Dkt. No. 9.
[10] Dkt. No. 9-2.
[11] Dkt. No. 9.
[12] Dkt. No. 10.

**III.    Analysis**

Because a decision to vacate the removal order would moot the notice of removal, the Court will first consider the motion to vacate.

**A.    Rule 60(b) Motion**

First, Defendants request that the Court vacate its remand order under Federal Rule of Civil Procedure 60. The Court begins by considering whether it has jurisdiction to reconsider its remand order. Here, the Court declined to exercise supplemental jurisdiction over the state law claims and remanded those claims after the federal claims were dismissed with prejudice.[13] Therefore, the Court finds that it has jurisdiction to review the remand order.[14]

Defendants claim they are entitled to relief under two subsections of Rule 60(b). Rule 60(b) states in part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . (6) any other reason that justifies relief.

Essentially, Defendants claim that Plaintiff has reneged on his agreement to not pursue ERISA claims. Defendants would have the Court look at the emails which led up to the stipulation of dismissal and the stipulation of dismissal itself.

Here, the Court will treat the stipulation of dismissal as a contract. Regarding the interpretation of contracts, the Texas Supreme Court has stated:

> The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument. If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not

---

[13] Dkt. No. 7.
[14] *See* In re Shell Oil Co., 932 F.2d 1523, 1528 (5th Cir. 1991).

ambiguous. Parol evidence is not admissible for the purpose of creating an ambiguity.[15]

Therefore, the Court will only consider the emails if the stipulation itself is ambiguous. The stipulation states in relevant part:

> [The parties] hereby mutually enter into this Agreed Stipulation of Dismissal of Federal Claims, in which Plaintiff agrees to dismiss with prejudice all claims and causes of action against [Defendants] arising under the Employee Retirement Income Security Act of 1974, § 29 U.S.C. 1001 et seq. ("ERISA") or **any federal statutory claim** that could arise under ERISA.[16]
>
> The parties stipulate and agree that Plaintiff's claims against [Defendants], **under ERISA**, may not be re-filed in state or federal court.[17]

In the stipulation, Plaintiff agreed to dismiss claims arising under ERISA and *federal statutory claims* that could have arisen under ERISA. Because the Court finds that this language is unambiguous, the Court will not consider the correspondence which led up to the stipulation.

Now, the Court will consider whether Plaintiff's demand letter contradicts the stipulation he entered with Defendants. Defendants argue that the demand letter's request for "past and future medical treatment and lost wages" demonstrates that Plaintiff is still pursuing his ERISA claims.[18] But, in Texas, medical expenses and lost wages may be recovered in a negligence case.[19] Therefore, the Court finds that Plaintiff's request for medical treatment and lost wages in a case where he is pursuing *a state law negligence claim* does not necessarily contradict his previous stipulation dismissing *federal statutory claims*. The Court notes that this analysis is not

---

[15] Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995) (citations omitted).
[16] Dkt. No. 6 at ¶ 1.
[17] Dkt. No. 6 at ¶ 4 (emphasis added).
[18] Dkt. No. 9 at pp. 3-4.
[19] *See, e.g.,* Grocers Supply, Inc. v. Cabello, 390 S.W.3d 707 (Tex. App.—Dallas 2012, no pet.) (affirming awards for lost wages in a negligence case); Scott's Marina at Lake Grapevine Ltd. v. Brown, 365 S.W.3d 146 (Tex. App.—Amarillo 2012, pet. denied) (affirming awards for future medical expenses and lost earning capacity in a negligence case); Pilgrim's Pride Corp. v. Smoak, 134 S.W.3d 880 (Tex. App.—Texarkana 2004, pet. denied) (affirming an award for lost earning capacity in a negligence case).

changed by Plaintiff's deposition testimony. Even assuming that Plaintiff admitted he was pursuing ERISA claims at the time of his deposition, it does not mean that Plaintiff is *still* pursuing ERISA claims because that deposition occurred *before* the ERISA claims were dismissed with prejudice by the parties' joint stipulation.

Additionally, Plaintiff's state law claims do not "arise under" ERISA. In a similar case, *Woods v. Texas Aggregates, L.L.C.*,[20] the Fifth Circuit found that the plaintiff's requests for damages under state law did not even *relate to* ERISA:

> The only connection this lawsuit has to [the defendant's] ERISA plan is that it seeks damages that might also be available in the form of plan benefits. [The defendant] essentially asks this court to hold that by creating an ERISA plan, an employer gains immunity from state court tort actions for all job-related accidents, regardless of negligence.
> If [the defendant] wanted to shield itself from employee suits, however, it could have chosen to participate in the Texas Workers' Compensation scheme. It elected not to, presumably because it thought maintenance of an ERISA plan would be a less expensive alternative. The cost of that choice is exposure to lawsuits such as [the plaintiff's], which have a legal and factual basis independent of any ERISA plan. **Such suits are not preempted merely because they seek damages that might also be available in the form of plan benefits.**[21]

Because the Fifth Circuit found that the facts in *Woods* did not even *relate to* ERISA, the Court finds that Plaintiff's state law claims in this case do not *arise under* ERISA.

In summary, Defendants have failed to demonstrate that Plaintiff's demand letter contradicts his stipulation of dismissal. Furthermore, the Court finds that Defendants have failed to demonstrate any "fraud, misrepresentation, or misconduct" by Plaintiff and Defendants have failed to demonstrate that there is "any other reason that justifies relief." Therefore, the Court **DENIES** Defendants' request for relief under Federal Rule of Civil Procedure 60(b).

---

[20] 459 F.3d 600 (5th Cir. 2006).
[21] *Id.* at 603 at n.3 (emphasis added).

**B.     Notice of Removal**

Because the Court denied Defendants' request to vacate its previous remand order, it must now consider whether Defendants' removal was proper. Importantly, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[22] For his part, Plaintiff asks the Court to remand this case.

As explained above, this case was previously removed and remanded. Regarding second removals, the Fifth Circuit has stated:

> The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand. As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*. The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.[23]

The Fifth Circuit continued:

> "[A] remand order that expressly addresses the theory of federal jurisdiction does not have res judicata effect on subsequent removals based on the same theory, provided that the subsequent removal petitions allege a different factual basis for seeking removal. If the defendant raises a new factual basis, the new factual basis is not deemed adjudicated with the remand order and, therefore, is not barred by res judicata.[24]

Here, Defendants removed the case within thirty days of receiving a demand letter from Plaintiff, and the Fifth Circuit has treated a demand letter as "other paper" which renders a case removable under 28 U.S.C. § 1446(b).[25] Generally, the Court would determine whether Defendants are seeking a second removal on a new ground/new factual basis. But in this case, the Court need not resolve the issue of whether Plaintiff's sending of a demand letter could

---

[22] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).
[23] S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996) (citations omitted).
[24] *Id*. at 493.
[25] Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000).

satisfy the new-ground/new-factual-basis requirement for a second removal because the substance of the letter itself does not support a finding that federal jurisdiction exists.

First, the nature of the relief sought in the demand letter does not support Defendants' assertion that Plaintiff is necessarily pursuing a federal statutory claim. As explained above, the relief requested in the demand letter is available to Plaintiff under his state law negligence claim.

Second, the relief requested in the demand letter is not preempted by ERISA. The Fifth Circuit has recognized that even when an ERISA claim is not specifically asserted, ERISA may "wholly displace[] a state law cause of action through complete preemption" and create federal jurisdiction.[26] But, in three separate cases, *McAteer v. Silverleaf Resorts, Inc.*,[27] *Woods v. Texas Aggregates, L.L.C.*,[28] *Hook v. Morrison Milling Co.*,[29] the Fifth Circuit has evaluated state court negligence claims brought against non-workers'-compensation-subscribing-employers by their employees and found no ERISA preemption. Particularly important is the statement in *Woods* that negligence suits brought by employees for "job-related accidents" "are not preempted merely because they seek damages that might also be available in the form of [ERISA] plan benefits."[30] After reviewing those cases, the Court finds that they are not meaningfully distinguishable from the facts of this case. Furthermore, the Court agrees with another district court which explained:

> As in *Hook* and *McAteer,* [the plaintiff's] claim for negligent failure to provide a safe workplace and related negligence claims implicate only [the plaintiff's] employer/employee relationship and not his administrator/beneficiary relationship with [the defendant]. [The plaintiff's] negligence causes of action would exist regardless of whether [the defendant] had, or did not have, an ERISA plan. The claims are completely independent of the existence and administration of the

---

[26] McAteer v. Silverleaf Resorts, Inc., 514 F.3d 411, 416 (5th Cir. 2008).
[27] *Id.*
[28] 459 F.3d 600 (5th Cir. 2006).
[29] 38 F.3d 776 (5th Cir. 1994).
[30] *Woods*, 459 F.3d at 603 n.3.

> ERISA plan. Accordingly, [the plaintiff's] negligence claim does not relate to [the defendant's] ERISA plan and is not preempted . . . .[31]

Similarly, the Court finds that the requests for relief in the demand letter, on which Defendants rely for federal jurisdiction, are not preempted by ERISA.

Because the demand letter does not demonstrate that Plaintiff is seeking relief under a federal statute and the requests for relief in the demand letter are not preempted by ERISA, the Court finds that Defendants have not met their burden of demonstrating that this Court has jurisdiction.

### IV. Conclusion

After considering Defendants' motion to vacate/notice of removal, Plaintiff's response/motion to remand, the record, and the relevant authorities, the Court **DENIES** Defendants' motion to vacate, and **GRANTS** Plaintiff's motion to remand. This case is remanded to the 430th Judicial District Court, Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 22nd day of April, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[31] Garrett v. Grant Prideco, L.P., Civ. No. H-08-3463, 2009 WL 1140454 (S.D. Tex. Apr. 27, 2009).